IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                                                                                           OPINION AND ORDER

                        Plaintiff,

                                                                                              15-cv-616-bbc

      v.

BRIDGET RUMPHOL, CHIPPEWA COUNTY
and STATE OF WISCONSIN,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Donald Newell has filed a complaint in which he is challenging one of the rules of supervision that will be imposed after his release. In particular, plaintiff says that a requirement to submit to polygraph tests violates his constitutional rights.

      Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for review under 28 U.S.C. § 1915A. Having screened the complaint, I conclude that plaintiff is not entitled to relief at this time.

      Plaintiff does not allege that he has been released from prison yet, but even if I assume that his claim is ripe for review, he cannot obtain relief in a civil action. Under Preiser v. Rodriguez, 411 U.S. 475 (1973), a party who is challenging his "custody" in federal court must do so in a petition for a writ of habeas corpus after exhausting his state court remedies. Although a person on parole or supervised release is no longer incarcerated, he is still "in custody" for the purpose of § 2254 because his liberty is restrained. Jones v.

1

Cunningham, 371 U.S. 236 (1963). Further because a parolee's confinement is defined not by his placement in a prison but by various lesser restrictions on his liberty, a challenge to even one condition of parole is a challenge to the parolee's custody. Drollinger v. Milligan, 552 F.2d 1220, 1225 (7th Cir. 1977); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). Accordingly, under Drollinger and Williams, a person challenging his conditions of release must do so by filing a petition for a writ of habeas corpus after exhausting his state court remedies.

The court of appeals has made it clear that the rule in Drollinger and Williams is not limited to restrictions on a parolee's freedom of movement; it extends to all probation or parole conditions. Although Williams involved a restriction on international travel, the conditions at issue in Drollinger included requirements to support the plaintiff's daughter and attend church and prohibitions on associating with particular people and accepting gifts.

Accordingly, if plaintiff believes that the state is imposing unconstitutional restrictions on his release, he must challenge those conditions in state court. If he obtains no relief after exhausting the remedies available in state court, he may bring a petition for a writ of habeas corpus in federal court.

After plaintiff filed his complaint, he filed a series of other document in which he alleged that he should be released from prison now. Again, that is a challenge to plaintiff's custody, so he must exhaust his remedies in state court and then bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254 if he is unsuccessful in state court. In addition, plaintiff has filed documents in which he complains about his treatment since he was

transferred to the Chippewa County jail. However, those issues go well beyond the scope of plaintiff's complaint. If plaintiff believes that his conditions of confinement are unconstitutional, he must file a new complaint in a new lawsuit in which he identifies particular defendants and provides fair notice of what those defendants are doing to violate his rights.

ORDER

IT IS ORDERED that plaintiff Donald Newell's complaint is DISMISSED WITHOUT PREJUDICE because plaintiff cannot challenge his conditions of release in a civil action. The clerk of court is directed to enter judgment accordingly.

Entered this 9th day of November, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge