IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                                                                        ORDER

                  Plaintiff,

                                                   15-cv-616-bbc

     v.

BRIDGET RUMPHOL, CHIPPEWA COUNTY
and STATE OF WISCONSIN,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                                                                       ORDER

                  Plaintiff,

                                                15-cv-617-bbc

     v.

CITY OF CHIPPEWA FALLS,
CHIPPEWA COUNTY and STATE OF WISCONSIN,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Donald Newell filed both of these cases in September 2015. In case no. 15-cv-616-bbc, he challenged rules of supervision that would be imposed on him by the state after he was released from state custody. In case no. 15-cv-617-bbc, he challenged the constitutionality of an ordinance that limited the movement of persons convicted of certain sex crimes.

1

In accordance with 28 U.S.C. § 1915(e)(2) and § 1915A, I screened both of plaintiff's complaints.  With respect to case no. 15-cv-616-bbc, I concluded that plaintiff could not challenge his rules of supervision in a civil case filed under 42 U.S.C. § 1983.  Rather, he must bring his challenge in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but only after exhausting his remedies in state court.  Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir.2003); Drollinger v. Milligan, 552 F.2d 1220, 1225 (7th Cir. 1977).  Accordingly, I dismissed the complaint without prejudice.  Dkt. #13.

In the order screening case no. 15-cv-617-bbc, I directed plaintiff to file supplemental materials showing whether he was likely to be released from prison soon.  Dkt. #10.  If plaintiff was going to remain incarcerated for the foreseeable future, then any claim challenging a law affecting him only after release would not be ripe.  Clapper v. Amnesty International USA, 133 S. Ct. 1138, 1147 (2013); Texas v. United States, 523 U.S. 296, 300 (1998).

Since the court issued those orders, plaintiff has filed a number of different requests with the court, mostly in case no. 15-cv-616-bbc, even though that case is closed.  First, on January 19, 2016, he requested a "subpoena" for a statement of a parole agent at an October 2015 hearing before the parole board.  Dkt. #15.  Second, on January 25, 2016, he alleged that he was treated unfairly in various ways at a state court hearing on January 12, 2016 to determine whether he should be released.  He asked to "be released from involuntary confinement" and for "any just compensation and damages."  Dkt. #16.  Finally, on February 4, 2016, in both cases, plaintiff alleged that he was not receiving his veteran's

disability pension as he believed he should and that staff at the Chippewa County jail were refusing to provide him a new hearing aid. Dkt. #18 (in case no. 15-cv-616-bbc) and dkt. #13 (in case no. 15-cv-617-bbc).

None of plaintiff's filings directly address the question of plaintiff's anticipated release, but plaintiff's January 25 filing suggests that he will not be released in the near future. In any event, plaintiff's deadline for filing supplemental materials regarding his release date was February 2, 2016. Because plaintiff has not shown that he is going to be released soon, I am dismissing case no. 15-cv-617-bbc without prejudice to his refiling it when his release date is approaching.

I am denying all of plaintiff's other requests. To the extent that plaintiff is contending that he is being held unlawfully, he must exhaust his state court remedies before he can raise that issue in federal court. Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, he "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004). Plaintiff seems to realize this because he sent this court a copy of a petition for a writ of certiorari that he filed in state court to challenge his confinement. Dkt. #14 (in case no. 15-cv-617-bbc). If plaintiff does not obtain relief in state court or on appeal, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court.

Plaintiff's remaining requests are outside the scope of both of these cases. If plaintiff believes that his conditions at the jail violate his federal rights, he will have to file a new

lawsuit *after* he has completed the jail's grievance process, as required by 42 U.S.C. § 1997e(a).

ORDER

IT IS ORDERED that

1. Case no. 15-cv-617-bbc is DISMISSED as unripe. Plaintiff Donald Newell may refile that case when he can show that his release date is near. The clerk of court is directed to enter judgment accordingly.

2. Plaintiff's other requests are DENIED.

Entered this 11th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4